Michael A. Calvanico
*mcalvanico@mayerbrown.com*
AZ Bar No. 034884
Mayer Brown LLP
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500

*Attorney for*
Defendant Redo Tech, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACE HARVEY,<br><br>     Plaintiff,<br><br>   vs.<br><br>BAD BIRDIE, LLC and REDO TECH, INC.,<br><br>     Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Maricopa County Superior Court, No. CV2025-016678) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, and LRCiv 3.6, Defendant Redo Tech, Inc. ("Redo") hereby removes this action to the United States District Court for the District of Arizona. This matter was commenced as Case No. CV2025-016678 in the Superior Court of the State of Arizona, County of Maricopa.  In support of this removal, Redo states the following:

**JURISDICTION AND VENUE**

1.      As set forth below, removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**A.      CAFA'S DIVERSITY REQUIREMENTS ARE MET**

2.      Plaintiff Jace Harvey ("Plaintiff") is a citizen of Utah. Compl. ¶ 6.

3.      At the time of the filing of the Complaint and at all times since, Redo was a citizen of Delaware and Utah under 28 U.S.C. § 1332(c)(1) because it is a corporation incorporated in Delaware and has its principal place of business in Utah.

4.       At the time of the filing of the Complaint and at all times since, Defendant Bad Birdie, LLC was a citizen of Arizona under 28 U.S.C. § 1332(c)(1) because it is a limited liability company incorporated in Arizona and has its principal place of business in Arizona.

5.      Plaintiff brought this action on behalf of a putative class of "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Free Unlimited Returns fee or other similar fee for a service provided by Redo (the "Redo Class")," Compl. ¶ 47, which necessarily includes citizens of all states and foreign countries who paid for the service at issue allegedly provided by Redo, the vast majority of whom are not citizens of Delaware, Utah, or Arizona. Thus, this case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (merely requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B.    CAFA's 100-MEMBER REQUIREMENT IS ALLEGED**

6.    Plaintiff alleges a putative class of "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Free Unlimited Returns fee or other similar fee for a service provided by Redo (the "Redo Class")." Compl. ¶ 47. Based on information presently available to Redo, the number of consumers who likely fall within Plaintiff's proposed class definition exceeds 100. Accordingly, CAFA's 100-member requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B) (providing that CAFA does not apply where "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

**C.    THE AMOUNT IN CONTROVERSY ALLEGED EXCEEDS $5 MILLION**

7.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *Baker v. Am. Soc'y of Composers, Authors & Publishers*, 2021 WL 6125710, at *3 (D. Ariz. Dec. 28, 2021) ("CAFA's amount-in-controversy requirement is satisfied if the proponent of federal jurisdiction shows that the plaintiff is 'seeking recovery from a pot . . . that could exceed $5 million'") (citation omitted).

8.    Among other relief, Plaintiff seeks disgorgement and restitution of "all monies [Redo] acquired" from the class by means alleged in the Complaint. Based on information presently available to Redo, the total value of that amount exceeds $5,000,000. In addition, Plaintiff seeks "compensatory damages," "attorneys' fees," and "costs of suit," which may be considered when assessing whether a case meets CAFA's amount-in-controversy requirement. *See, e.g.*, *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (noting that for purposes of CAFA, "the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded

1  under fee-shifting statutes or contract"). Accordingly, the amount in controversy exceeds

2  $5,000,000.

3       9.      This Court has subject matter jurisdiction over this action under CAFA because:

4  (1) Plaintiff purports to assert this action on behalf of a putative class in excess of 100 members;

5  (2) most members of the putative class of plaintiffs are citizens of a state different from the states

6  Utah and Delaware of which Redo is a citizen, and some members of the putative class are

7  citizens of a foreign state; and (3) the aggregate amount in controversy exceeds $5,000,000. *See*

8  28 U.S.C. § 1332(d).

9       10.     Removal to this venue is proper under 28 U.S.C. § 1441(a) because the removed

10  action was filed in the Superior Court of the State of Arizona, County of Maricopa, a court

11  within the United States District Court for the District of Arizona.

12                        **PROCEDURAL MATTERS**

13      11.     No Waiver or Admission.  This Notice of Removal is presented for the purpose of

14  establishing jurisdiction only.  Redo denies the allegations and damages claimed in the

15  Complaint, and files this Notice of Removal without waiving any defenses, exceptions, or

16  obligations that may exist in its favor in either state or federal court.  Nothing herein shall

17  constitute an admission as to any of the allegations in the Complaint, including whether Plaintiff

18  or any member of the putative class is entitled to recover any relief whatsoever as a result of their

19  claims.

20      12.     Removal is Timely.  Redo does not believe it has yet been properly served with a

21  copy of the Complaint. *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*,

22  635 F.3d 1128, 1132-33 (9th Cir. 2011) ("actual notice of the action is insufficient"; the removal

23  clock does not start ticking until formal service is made). While Plaintiff asserts that Redo was

24  served on May 21, 2025, the filing of this Notice of Removal is within 30 days of that date.

25      13.     Pleadings and Process.  Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), "all

26  process, pleadings, and orders served upon" or obtained by Redo are attached as exhibits hereto.

27      14.     Filing and Service.  Pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.6(a), a copy of

28  this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Arizona,

NOTICE OF REMOVAL                           3

1    County of Maricopa, and will be served on all counsel of record.  This Notice of Removal is

2    signed pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).

3        15.    Consent. Defendant Bad Birdie LLC consents to the removal of this action.

4        BASED ON THE FOREGOING, Redo hereby removes this Action, now pending as Case

5    No. CV2025-016678 in the Superior Court of the State of Arizona, County of Maricopa, to the

6    United States District Court for the District of Arizona.

7

8    Dated:  June 20, 2025                            Mayer Brown LLP

9                                    By:    */s/ Michael A. Calvanico*

10                                        Michael A. Calvanico

11                                        Attorney for Defendant

12                                        REDO TECH, INC.